ACCEPTED
14-05-01246-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/1/2015 4:07:33 PM
CHRISTOPHER PRINE
CLERK

NO. 14-05-01246-CV

IN THE
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
10/1/2015 4:07:33 PM
CHRISTOPHER A. PRINE
Clerk

WOODY K. LESIKAR, INDIVIDUALLY, AS TRUSTEE OF THE
WOODY K. LESIKAR SPECIAL TRUST AND AS INDEPENDENT
EXECUTOR OF THE ESTATE OF WOODROW V. LESIKAR, DECEASED,
Appellant

VS.

CAROLYN ANN LESIKAR MOON, INDIVIDUALLY AND AS TRUSTEE
OF THE CAROLYN ANN LESIKAR MOON SPECIAL TRUST
Appellee

On Appeal from the 149th District Court of Brazoria County, Texas
Trial Court Cause No.225560

RESPONSE TO APPELLEE'S MOTION FOR REHEARING OF ORDER
DISMISSING FOR WANT OF JURISDICTION APPELLEE'S RULE 43.5
MOTION TO RENDER JUDGMENT AGAINST SURETIES

JASON B. OSTROM
(TBA #24027710)
6363 Woodway, Suite 300
Houston, Texas 77057
713.863.8891
713.863.1051 (Facsimile)
jason@ostrommorris.com

Attorneys for Appellant, Woody K. Lesikar,
Individually, as Trustee of the Woody K. Lesikar
Special Trust, and as Independent Executor of the
Estate of Woodrow V. Lesikar, Deceased

To The Honorable Court of Appeals:

Comes Now, Appellant Woody K. Lesikar, Individually, as Trustee of the Woodrow K. Lesikar Special Trust, and as Independent Executor of the Estate of Woodrow V. Lesikar, Deceased, and files this Response to the *Motion for Rehearing of Court's Order Dismissing for Want of Jurisdiction Appellee's Rule 43.5 Motion to Render Judgment Against Sureties* filed by Appellee Carolyn Ann Lesikar Moon, Individually and as Trustee of the Carolyn Ann Lesikar Moon Special Trust, and in support thereof respectfully shows the Court as follows:

I.

*Cockburn v. Hightower* would only serve to give this Court jurisdiction to modify its prior judgment if no judicial discretion was involved. 52 S.W.2d 365 (Tex. 1932). Similarly, *Whitmire* only extends the Court's plenary jurisdiction to "ministerial acts consistent with the judgment." *Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 261 (Tex. App. — Houston [1st Dist.] 2010, pet. dism'd). Neither of these cases upon which Appellee relies stand for the proposition that this Court may revisit a prior judgment and award relief that is not legally consistent with that prior judgment. To render judgment against the surety now, after Woody prosecuted his appeal "to effect" which was the only condition of the bond would necessitate the exercise of discretion and result in a judgment not consistent with the 2005 Judgment that reversed in part the trial court's judgment.

None of the cases offered by Appellee speak to a court's exercise of its plenary power to render judgment against a surety after an appeal has been prosecuted with effect. The Court would have been prohibited from assessing liability against the surety under *Amwest Surety Ins. Co. v. Graham*, 949 S.W.2d 724, 727-729 (Tex. App. — San Antonio 1997, writ denied); *Martinez v. Southwest Bitulithic Co.*, 119 S.W.2d 740, 742 (Tex. Civ. App.—San Antonio 1938) rev'd on other grounds, 143 S.W.2d 116 (Tex. 1940); and *Edlund v. Bounds*, 842 S.W.2d 719, 732 (Tex. App. — Dallas 1992, writ denied). It is axiomatic that the Court's plenary power does not operate to allow it to take an action that it could not have taken when it was exercising general jurisdiction over the matter. Appellee's Motion for Rehearing should be denied.

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court deny Appellee's Motion to Reconsider Order Dismissing for Want of Jurisdiction Appellee's Rule 43.5 Motion to Render Judgment Against Sureties, and grant him such other and further relief to which he may show himself justly entitled.

-2-

Respectfully Submitted,

ostrommorris, pllc


BY: /s/ Jason B. Ostrom

JASON B. OSTROM
(TBA #24027710)
6363 Woodway, Suite 300
Houston, Texas 77057
713.863.8891
713.863.1051 (Facsimile)
jason@ostrommorris.com

Attorneys for Appellant

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was served in compliance with the Rules of Appellate Procedure on the __1__ day of __October__, 2015 to:

Mr. Daryl L. Moore
1005 Heights Blvd.
Houston, Texas 77008
713.529.0048
713.529.2498 (Facsimile)
daryl@heightslaw.com

Mr. Brett Wagner
Mr. Mark Long
13810 Champion Forest Drive, #225
Houston, Texas 77069
281.583.8701 (Facsimile)

Ms. Bobbie Bayless
2931 Ferndale
Houston, Texas 77098
713.522.2218 (Facsimile)

Ms. Darlene Payne Smith
1401 McKinney Street, 17th Floor
Houston, Texas 77010

/s/ Jason B. Ostrom